1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   STEVEN PAUL KOZOL,

9                        Petitioner,        Case No. 22-760-BJR-DWC

10       v.

11   RON HAYNES,                            **ORDER ADOPTING REPORT AND
                                            RECOMMENDATION**

12                        Respondent.

13

14              **I.      INTRODUCTION**

15       This matter comes before the Court on the Report and Recommendation ("R&R") of U.S.

16   Magistrate Judge David W. Christel, which recommends denial of Petitioner Steven Paul Kozol's

17   petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. Petitioner objects to the

18   R&R.

19       Having reviewed this matter in light of Petitioner's objections, Respondent's response, the

20   remaining record, and the relevant legal authorities, the Court hereby adopts the R&R, denies

21   Petitioner's § 2254 petition, and dismisses this case with prejudice. The Court also denies a

22   certificate of appealability ("COA"). The reasoning for the Court's decision follows.

23

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

## II.    BACKGROUND

The 36-page R&R contains a thorough review of the facts and procedural history of this case, which the Court will not repeat here. In sum, Petitioner seeks relief under § 2254 from his King County Superior Court convictions on charges of attempted murder in the first degree and burglary in the first degree. R&R at 2, Dkt. No. 46. Petitioner was originally sentenced to 479 months in prison. Exh. 11 at 115, Dkt. No. 1-1.

In 2001, following a jury conviction, Petitioner filed a direct appeal. R&R at 4. The Washington State Court of Appeals found no reversible error and affirmed Petitioner's conviction. *Id.* at 5. Petitioner sought discretionary review before the Washington Supreme Court. *Id.* On February 4, 2004, the Washington Supreme Court denied review without comment. *Id.*

On February 16, 2005, Petitioner filed a motion for relief from judgment, which was treated as his first personal restraint petition ("PRP"). *Id.* at 6. The State Court of Appeals dismissed the 2005 PRP on the merits. *Id.* Petitioner sought review before the Washington Supreme Court. *Id.* The State Supreme Court denied discretionary review. *Id.* at 6-7.

In 2006, Petitioner filed a federal habeas petition. *Id.* at 7. The Court dismissed the 2006 Petition with prejudice, concluding that each of the grounds raised were unexhausted, procedurally defaulted, or lacked merit. *Id.* Petitioner appealed. *Id.* at 7-8. The Ninth Circuit affirmed this Court's denial of habeas relief. *Id.*

In 2018, Petitioner filed a motion for resentencing before the Trial Court, contending the offender score used at his original sentencing was incorrectly calculated. *Id.* at 8. The Trial Court granted Petitioner's motion. *Id.* On November 1, 2020, the Trial Court vacated Petitioner's original judgment and sentence and issued a new judgment and sentence, which reduced Petitioner's term

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

of incarceration from 479 months to 390 months. *Id.* at 8-9. Petitioner initially appealed, in part, the Trial Court's decision on resentencing but later voluntarily dismissed that appeal. *Id.* at 9.

In 2022, Petitioner filed a PRP in the State Court of Appeals. *Id.* The 2022 PRP raised six grounds for relief. *Id.* The State Court of Appeals concluded, among other things, that Grounds One Through Five concerned aspects of Petitioner's original judgment and sentence, and the new judgment and sentence on resentencing did not reset the clock on his ability to obtain state collateral review of those claims. *Id.* at 10. Accordingly, the State Court of Appeals dismissed Grounds One through Five as untimely and barred under Revised Code of Washington ("RCW") § 10.73.090, which requires that PRPs be filed within one year after a facially valid judgment and sentence becomes final. *Id.* at 9-10. The State Court of Appeals also concluded that Petitioner's sixth claim was without merit. *Id.* at 10.

Petitioner sought discretionary review. *Id.* The State Supreme Court commissioner denied review, concluding, among other things, that the State Court of Appeals did not err in finding that the 2022 PRP was barred under RCW § 10.73.090. *Id.* at 10-11.

In 2022, Petitioner also filed a petition for writ of habeas corpus pursuant to § 2254 in this Court. *Id.* at 11. The Court entered a stay on September 9, 2022, so that Petitioner could attempt to exhaust his remedies in the state court. *Id.* at 12. On September 25, 2024, the State Court of Appeals issued a certificate of finality with respect to the 2022 PRP. *Id.* at 11. On October 23, 2024, this Court lifted its stay. *Id.* at 12.

Magistrate Judge Christel's R&R recommends denial of the § 2254 petition, dismissal of the action with prejudice, denial of Petitioner's request for an evidentiary hearing, and denial of a COA. *Id.* at 36. Petitioner filed objections, Dkt. No. 49, which the Court discusses below.

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

### III.   DISCUSSION

#### A.  Standard of Review

In reviewing the R&R, this Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, a district court is free to adopt those portions of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

#### B.  Petitioner's Grounds for Relief

As explained by the magistrate judge, Petitioner now raises six grounds for relief: (1) prosecutorial misconduct during closing argument in violation of the Sixth and Fourteenth Amendments to the United States Constitution; (2) admission of improper evidence in violation of the First and Fourteenth Amendments; (3) suppression of material impeachment evidence regarding Detective Denny Gulla's professional misconduct, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (4) destruction of potentially exculpatory evidence in violation of the Fourteenth Amendment; (5) ineffective assistance of trial and appellate counsel in violation of the Sixth and Fourteenth Amendments; and (6) denial of access to the courts in violation of the First, Fifth, and Fourteenth Amendments. R&R at 11. The magistrate judge rejected Petitioner's grounds for relief. *Id.* at 36. The Court addresses each objection in turn.

##### 1.  Petitioner Procedurally Defaulted on Grounds One through Five

The magistrate judge found that Petitioner procedurally defaulted on Grounds One through Five of his § 2254 petition based on Washington state courts' decision not to reach those grounds in light of Petitioner's failure to raise them within RCW § 10.73.090's one-year filing deadline for PRPs. *Id.* at 19-22. Petitioner asserts that there was no procedural default because RCW

ORDER ADOPTING REPORT AND RECOMMENDATION - 4

§ 10.73.090's time bar was not "clear, consistently applied, and well-established" at the time of his purported default. Pet.'s Objs. at 5-7.

In habeas proceedings, the procedural default rule bars consideration of a federal claim when it is clear the state court has been presented with the federal claim but declined to reach the issue for procedural reasons, or it is clear that the state court would hold the claim procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230-31 (9th Cir. 2002). "Procedural default is an affirmative defense, and the state has the burden of showing that the default constitutes an adequate and independent ground." *Insyxiengmay v. Morgan*, 403 F.3d 657, 665 (9th Cir. 2005) (emphasis omitted). "[T]o constitute an adequate state ground, the procedural rule must be 'clear, consistently applied, and well-established at the time of petitioner's purported default.'" *Powell v. Lambert*, 357 F.3d 871, 874 (9th Cir. 2004) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)).

Petitioner procedurally defaulted on Grounds One through Five of his § 2254 petition by failing to raise those claims within one year after his judgment and sentence became final, as required by RCW § 10.73.090. As the magistrate judge noted in the R&R, the Ninth Circuit has repeatedly concluded that RCW § 10.73.090 is an independent, adequate, and well-established state procedural rule. R&R at 20-21. In support of his argument that § 10.73.090's time bar was not "clear, consistently applied, and well-established," at the time of his default, Petitioner cites to various Washington Supreme Court cases in which that court either extended the deadline to file a PRP or excused noncompliance with the filing deadline based on intervening legal developments. Pet.'s Objs. at 5-6. However, the exercise of discretion under the extraordinary circumstances presented by those cases does not demonstrate that RCW § 10.73.090 was not a clearly, consistently applied, and well-established state procedural rule at the time of Petitioner's default. Indeed, procedural rules need not be applied in an "utterly mechanical" fashion to bar federal

ORDER ADOPTING REPORT AND RECOMMENDATION - 5

habeas review. *Morales v. Calderon*, 85 F.3d 1387, 1392-93 (9th Cir. 1996); *see also Scott v. Schriro*, 567 F.3d 573, 580 (9th Cir. 2009) ("A state rule is considered consistently applied and well-established if the state courts follow it in the '*vast majority of cases*.'" (quoting *Dugger v. Adams*, 489 U.S. 401, 411 n.6 (1989))); *Powell*, 357 F.3d at 875 (observing that "[m]any aspects of Washington's rule concerning time bars for personal restraint petitions are clear, consistently applied, and well-established," and the procedural bar for untimely mixed petitions was consistently applied after the law was settled in 2000).

### 2.    Petitioner Has Not Established a Basis for Excusing Procedural Default

Petitioner argues that any finding of procedural default should be excused based on "cause and prejudice," as well as actual innocence. Pet.'s Traverse at 17-25, Dkt. No. 42. The magistrate judge rejected both arguments. R&R at 23-34. For the following reasons, the Court agrees with the magistrate judge's conclusions.

### a.    Cause and Prejudice

Procedural default by a state prisoner may be excused where the prisoner can demonstrate cause for the default and actual prejudice. *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). To satisfy the "cause" prong of the cause and prejudice standard, petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule. *Id.* at 753.

### i.    Grounds Three and Four

Petitioner asserts cause arising from that the alleged suppression of material impeachment evidence regarding Detective Gulla's professional misconduct and the destruction of potentially exculpatory evidence, which Petitioner claims prevented him from raising Grounds Three and Four of the instant § 2254 petition in his initial PRP. Pet.'s Traverse at 17-20. The magistrate judge

rejected this argument based on record evidence showing that Petitioner was aware of the factual

predicate for Grounds Three and Four for years before he initiated these proceedings but failed

diligently pursue those claims. R&R at 24-25. Petitioner asserts that the magistrate judge

incorrectly concluded that Petitioner could have known about the State's withholding and

destruction of evidence prior to February 24, 2005, the deadline to file his initial PRP. Pet.'s Objs.

at 7-9.

Petitioner has not established cause to overcome procedural default of his third and fourth

grounds for relief. The concealment of material evidence by the government may constitute cause

and prejudice for overcoming procedural default. *See, e.g.*, *Strickler v. Greene*, 527 U.S. 263, 264

(1999). This does not mean, however, that cause exists in every instance where evidence has been

suppressed or destroyed; "[r]ather, the state's suppression establishes cause only when it is the

reason for [a petitioner's] failure to develop facts in state court proceedings." *Henry v. Ryan*, 720

F.3d 1073, 1082 (9th Cir. 2013).

As to Ground Three, record evidence shows that Petitioner obtained the prosecutor's report

"in either December 2004, or February 2005, and read of Detective Gulla's past professional

misconduct in a newspaper in December 2005." R&R at 24 (quoting Memorandum Decision in

*Kozol v. Payne*, No. 08-35094 (9th Cir. May 5, 2009)). Accordingly, Petitioner could have

presented his claim of evidence suppression to the Washington Court of Appeals for collateral

review under Washington's time limit exception for "[n]ewly discovered evidence." RCW

§ 10.73.100(1). And as to Ground Four, Petitioner represents—and the evidence reflects—that he

was aware of the existence or destruction of evidence on or before 2011. R&R at 24-25. Petitioner

has not identified any evidence that contradicts this timeline. Given Petitioner's failure to

diligently pursue Grounds Three and Four after learning of their factual predicate, he cannot now

ORDER ADOPTING REPORT AND RECOMMENDATION - 7

1   establish that the State's alleged suppression or destruction of evidence was the reason for his

2   failure to develop Grounds Three and Four in the state court proceedings. *Henry*, 720 F.3d at 1082.

3                                    **ii.   Grounds One, Two, and Five**

4          As to cause for his default on Grounds One, Two, and Five—prosecutorial misconduct

5   during closing argument, admission of improper evidence, and ineffective assistance of trial and

6   appellate counsel—Petitioner argues that his status as a *pro se* litigant prevented him from

7   presenting those claims in his initial PRP. Pet.'s Traverse at 19-20. The magistrate judge concluded

8   that Petitioner's prior *pro se* status did not excuse his procedural default. R&R at 25. In reaching

9   this conclusion, the magistrate judge found that none of the grounds asserted fell within the

10  equitable exception to procedural default established by *Martinez v. Ryan*, 566 U.S. 1 (2012). *Id.*

11  Petitioner asserts that the magistrate judge incorrectly concluded that *Martinez* does not apply to

12  Petitioner's claims. Pet.'s Objs. at 9-10.

13         In *Martinez*, the U.S. Supreme Court established "a narrow exception" to procedural

14  defaults, holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings

15  may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."

16  *Martinez*, 566 U.S. at 9. The *Martinez* Court explained that this exception does not "extend to

17  attorney errors in any proceeding beyond the *first occasion* the State allows the prisoner to raise a

18  claim of ineffective assistance at trial." *Id.* at 16.

19         *Martinez* does not apply to the instant § 2254 petition. Notably, neither Grounds One nor

20  Two concern claims of absence of trial counsel or ineffective assistance of trial counsel. R&R

21  at 11. Nor does *Martinez* apply to Petitioner's claim of ineffective assistance of appellate counsel,

22  raised in Ground Five, as the U.S. Supreme Court has expressly declined to extend *Martinez* to

23  such claims. *Davila v. Davis*, 582 U.S. 521, 530 (2017).

ORDER ADOPTING REPORT AND RECOMMENDATION - 8

As to Petitioner's claim of ineffective assistance of trial counsel, also raised in Ground Five, it is undisputed that Petitioner raised an ineffective assistance of trial counsel claim at the first available opportunity. R&R at 6, 25 (noting that Petitioner raised claims of ineffective assistance of trial counsel on direct appeal and on collateral review in his initial PRP). Because the *Martinez* exception does not extend beyond this "first occasion" for raising an ineffective assistance of trial counsel claim, that exception cannot be used here to excuse Petitioner's procedural default on Ground Five. *Martinez*, 566 U.S. at 16; *see also Senior v. Gilbert*, No. C15-0952, 2016 WL 4992677, at *2 (W.D. Wash. Sept. 19, 2016). Petitioner, providing no other basis for establishing cause, has not overcome the procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986) (providing that, if a petitioner fails to demonstrate cause for his noncompliance with a state's procedures, a reviewing court "need not determine whether petitioner has carried his burden of showing actual prejudice").

### b.  Actual Innocence

Where a petitioner cannot overcome procedural default by showing cause and prejudice, courts may nevertheless grant a habeas petition in an "extraordinary case." *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). An extraordinary case is one in which habeas review is necessary to correct a "fundamental miscarriage of justice," that is, where a constitutional violation has resulted in the conviction of a defendant who is actually innocent. *Id.* at 496.

To support his claim of actual innocence, Petitioner identifies the following evidence not presented at trial: (1) a declaration from Petitioner's former neighbor purporting to establish his alibi during the events in question, (2) an anonymous confession letter disclosing non-public facts about the crimes underlying Petitioner's convictions, (3) allegedly suppressed evidence of

ORDER ADOPTING REPORT AND RECOMMENDATION - 9

1    Detective Gulla's professional misconduct, and (4) evidence that was allegedly destroyed or not

2    retained by the State. Pet.'s Traverse at 20-25.

3        In addressing the purportedly new evidence, the magistrate judge adopted the reasoning of

4    the Washington Court of Appeals, which addressed the same evidence in response to Petitioner's

5    2022 PRP. R&R at 26. Like the Washington Court of Appeals, the magistrate judge concluded that

6    neither the declaration from the former neighbor nor the anonymous confession letter were reliable

7    evidence of Petitioner's innocence. *Id.* at 26-30. Furthermore, the magistrate judge concluded that

8    Detective Gulla's misdeeds were not connected to Petitioner's case, and neither those misdeeds

9    nor the evidence allegedly destroyed by the State demonstrated Petitioner's innocence, in light of

10   the evidence presented at trial. *Id.* at 30-34.

11       Petitioner asserts that the magistrate judge failed to take a holistic view of the evidence,

12   which, according to Petitioner, shows that, more likely than not, any reasonable juror would have

13   reasonable doubt as to Petitioner's guilt. Pet.'s Objs. at 10-12. Petitioner has not made a colorable

14   showing of actual innocence. A claim of actual innocence must be based on reliable evidence not

15   presented at trial; "given the rarity of such evidence, 'in virtually every case, the allegation of

16   actual innocence has been summarily rejected.'" *Calderon v. Thompson*, 523 U.S. 538, 560-61

17   (1998). To prevail, Petitioner must present evidence showing, more likely than not, that he is in

18   fact innocent of the crime. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Carriger v. Stewart*,

19   132 F.3d 463, 478 (9th Cir. 1997) (actual innocence shown by sworn confession of third person

20   accurately describing details of crime).

21       Contrary to Petitioner's contention, the R&R reflects that the magistrate judge examined

22   the evidence thoroughly, providing detailed reasons for rejecting each piece of evidence and

23   considering that evidence in light of the record as a whole. *See* R&R at 26-34. The Court finds no

ORDER ADOPTING REPORT AND RECOMMENDATION - 10

1  error in the magistrate judge's reasoning. The Court is unpersuaded by Petitioner's version of the

2  facts. Petitioner's claim of actual innocence fails.

3  ### 3.  Ground Six is Not Cognizable in Federal Habeas Proceedings

4  The magistrate judge concluded that Ground Six of the instant § 2254 petition, that

5  Washington's bar on untimely PRPs violates Petitioner's First Amendment right of access to the

6  courts, was not cognizable in federal habeas corpus proceedings. *Id.* at 34-35. Petitioner argues

7  that the magistrate judge ignored the Supreme Court's decision in *Gutierrez v. Saenz*, 606 U.S.

8  305, 314 (2025), which acknowledged that "'a state-created right to postconviction procedures

9  can, in some circumstances, beget yet other rights to procedures essential to the realization of the

10  parent right.'" Pet.'s Objs. at 13.

11  The Court again finds no error in the magistrate judge's reasoning. As the magistrate judge

12  noted, the Ninth Circuit has consistently held that claims challenging post-conviction proceedings

13  in the state courts are not cognizable in habeas corpus proceedings under § 2254 because they do

14  not challenge a petitioner's detention. R&R at 34-35. The Supreme Court's decision in *Gutierrez*

15  does not alter Ninth Circuit precedent in this regard. Indeed, the *Gutierrez* Court concluded that

16  an inmate had standing to bring a claim challenging Texas's postconviction DNA testing

17  procedures pursuant to 42 U.S.C. § 1983. *Gutierrez*, 606 U.S. at 309. That Court did not address

18  whether a challenge to the collateral review of a state court conviction and sentence, such as the

19  access to courts claim Petitioner raises here, is cognizable in § 2254 proceedings. *See generally id.*

20  Petitioner's sixth ground for relief fails.

21  ### IV.    EVIDENTIARY HEARING

22  The magistrate judge concluded that it was unnecessary to hold an evidentiary hearing

23  because the case could be resolved on the existing state court record. R&R at 35. Petitioner

ORDER ADOPTING REPORT AND RECOMMENDATION - 11

1   contends that an evidentiary hearing is justified because he bears no fault in failing to develop the

2   factual record in state court. Pet.'s Objs. at 5.

3          The Court agrees that an evidentiary hearing is unnecessary in this case. The state court

4   record is adequately developed and refutes Petitioner's allegations such that he cannot show that

5   he is entitled to relief under § 2254. *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007) (providing

6   that the decision to hold an evidentiary hearing is committed to the Court's discretion, and "if the

7   record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district

8   court is not required to hold an evidentiary hearing"). The request for an evidentiary hearing is

9   denied.

10                          **V.    CERTIFICATE OF APPEALABILITY**

11         The magistrate judge concluded that Petitioner was not entitled to a COA because "[n]o

12  jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would

13  conclude the issues presented in the Petition should proceed further." R&R at 36. Petitioner asserts

14  that the Court should grant a COA because the grounds presented are not "utterly without merit."

15  Pet.'s Objs. at 14.

16         For the reasons discussed above, the Court agrees with the magistrate judge that Petitioner

17  is not entitled to a COA.

18                                  **VI.    CONCLUSION**

19         For the foregoing reasons:

20         A.  Petitioner Steven Paul Kozol's objections are OVERRULED;

21         B.  The Report and Recommendation is APPROVED and ADOPTED;

22         C.  Petitioner's § 2254 petition for writ of habeas corpus, and this action, are DISMISSED
               with prejudice;

23
           D.  No certificate of appealability will issue; and

ORDER ADOPTING REPORT AND RECOMMENDATION - 12

E.  The Clerk is directed to close this case and send copies of this Order to Petitioner and to Magistrate Judge Christel.

DATED this 15th day of January 2026.


_____
BARBARA J. ROTHSTEIN
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION - 13